[L. A. No. 754. In Bank.—November 10, 1899.]

WILLIAM BOWERING et al., Respondents, v. FRANK P. ADAMS et al., Defendants. ALEXANDER GERRARD and SOMERS B. FULTON, Appellants.

JUDGMENT SETTLING WATER RIGHTS—APPEAL BY DEFAULTING DEFEND-ANTS—INCOMPLETE RECORD.—Upon appeal by defaulting defendants from a judgment settling water rights in severalty in favor of the plaintiffs and also in favor of certain other defendants, which disposed of much more water than was claimed in the complaint, if the record does not contain the pleadings in favor of any of the defendants, it cannot be seen that the judgment was not supported by cross-complaints in favor of the defendants in whose favor judgment was rendered adversely to the other defendants.

ID.—DISMISSAL OF APPEAL—NOTICE—FAILURE TO SERVE OTHER DEFAULT-
ING DEFENDANTS.—Where it is evident from the complaint and
judgment that the judgment could not be modified in favor of
the defaulting defendants appealing, if successful in their ap-
peal with reference to surplus waters not claimed in the com-
plaint, whether developed or undeveloped, without adversely
affecting the possible interests of other defaulting defendants
in such surplus waters, against whom judgment had been like-
wise rendered and who were not served with the notice of ap-
peal, the appeal must be dismissed.

MOTION to dismiss an appeal from a judgment of the Su-
perior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

J. W. Swanwick, for Appellants.

Frank W. Burnett, for Respondents.

TEMPLE, J.—This action was commenced by thirty-eight
plaintiffs against one hundred defendants to quiet the right
and title of plaintiffs to certain water, to the extent of seventy
inches, miners' measure. Many of the defendants defaulted,
and among them the two appellants. In the decree the court
determined that seventy-three of the parties to the action were
the owners of all the water arising upon the land described, or
which could be thereafter developed from the same, in the order
and to the several amounts named in the decree. Of these
parties thirty-five were plaintiffs and thirty-eight were defend-
ants, and the amount of water adjudged to belong to them is in
the aggregate more than one hundred and twenty inches. The
judgment-roll is not contained in the transcript, and we can-
not tell whether, as to the defendants, the pleadings authorized
a judgment in their favor. Plaintiffs in their complaint only
asked that the defendants be enjoined from interfering with
their claim to seventy inches flowing from the described tract,
but admitted the right of the defendants to the surplus. Ap-
pellants contend that the decree is not sustained by the com-
plaint in allowing a prior right to more than seventy inches of
water, and in extending that priority to water which may here-
after be developed upon the described tract of land.

Motion is made by some of the respondents to dismiss the ap-

peal, on the ground that the notice of appeal was not served on
all the adverse parties, to wit, upon fourteen defendants named
in the notice who had been duly served with summons and
whose defaults had been entered, and against whom judgment
had been rendered. The appellants admit the facts stated, ex-
cept that they deny that the omitted parties are adverse parties
and that their interests will, or can, be injuriously affected by
the appeal.

In the complaint it is alleged that in 1887 the San Jose
Ranch Company acquired title to certain lands, and each of
plaintiffs purchased from said · company a specific portion
thereof, and also certain water rights which are specifically
described in the complaint, and which have become, and are,
appurtenant to the respective tracts of land owned by plaintiffs
in severalty. It was also averred that, in addition to the water
rights conveyed to plaintiffs, the company undertook to convey
to other parties a right to water from sources undefined, such
other parties being the defendants, who assert some right to the
water adverse to plaintiffs. "That the claims of said defend-
ants are without any right whatever, except as to any surplus
water there may be derived from said source over and above the
amount belonging to the plaintiffs, as above set forth." Among
other things, they demand that "all adverse claims of said de-
fendants, or either of them, may be determined by a decree of
this court, and that by said decree it be declared and adjudged
that said plaintiffs are the owners of the right to use all the
water flowing from the source above described, except the sur-
plus, if any, over and above an amount equal to a constant flow
of seventy inches under four-inch pressure, miners' measure-
ment," et cetera. The effect of the decree has been partly
stated.

The record, which does not contain the judgment-roll, does
not show that cross-complaints were interposed by any of the
defendants, but, for aught we can know, such may have been the
case. The judgment awards to thirty-five defendants advan-
tages over the other defendants, and adds to the seventy inches
of water which may be taken before any surplus can exist about
as much more. The appellants, so far as the judgment dis-
closes, are in the same position under the decree as the defend-

ants not served with the notice, but the decree adjudges, in effect, that none of the defendants, except those named in the decree as possessing prior rights, can appropriate to their special use water from the described tract, save as sharers in the surplus. By the terms of the decree no defendants can acquire independent rights to the water, and diminish the surplus. Should they appropriate to their individual use any of the water disposed of by the decree, it would necessarily lessen the surplus to be divided among the defendants, and, of course, the share which would go to each defendant who was not served with the notice of appeal.

It must be borne in mind, also, that if the appellants succeed in causing the decree to be modified, it can be modified only as to appellants.

The appeal is taken from portions of the decree only—formally from five different portions. The first four are, however, aimed at the same adjudication, to wit, giving to the favored parties the right to the undeveloped water, to the exclusion of the appellants. In the fifth they appeal from those portions of the decree which affect the right of the appellants to the developed waters in said tract of land.

It is obvious that, if appellants are entirely successful in their appeal, they will be at liberty to claim, and in fact to appropriate to their special use, to the exclusion of all other parties, the entire amount of water which is disposed of by the decree, and thus prevent the possibility of there being any surplus water to be divided among the defendants, who, by the decree, are not given prior rights, and who were not served with the notice of appeal.

It is also obvious that to whatever extent they so succeed in modifying the decree, the effect will be to place them in a position to claim some portion of the water, already developed, or to be hereafter developed, to the prejudice of the defendants not served. Indeed, it is difficult to see how they can be benefited by any modification of the judgment, except to the injury of such defendants.

It is true the decree does not settle the right of the defendants not named in the schedule attached to the decree, as between themselves. Possibly, the appellants may be entitled to

all the surplus water as against the defendants not served, but the complaint puts all upon the same level, and, although it is not an adjudication of their rights with reference to each other, it must be so regarded on this motion.

The appeal is dismissed.

McFarland, J., Harrison, J., and Van Dyke, J., concurred.

Rehearing denied.