T. C. POWER & BROTHER, A CORPORATION, RESPONDENT,
*v.* MURPHY ET AL., APPELLANTS.

(No. 1,597.)

(Submitted March 17, 1902.   Decided March 31, 1902.)

*Appeal — Adverse Party — Service of Notice — Dismissal— Bankruptcy.*

1. Where plaintiff recovers judgment in an action to foreclose a mortgage, and a deficiency judgment against the mortgagor, he failing to answer, he is an interested and necessary party to an appeal taken by other defendants, who claim liens on the mortgaged premises superior to the mortgage, and if notice of such appeal is not served on him, as required by Code of Civil Procedure, Sec. 1724, the appeal will be dismissed.
2. The fact that such mortgagor was adjudged a bankrupt after the appeal was taken will have no effect on a motion to dismiss the appeal.

*Appeal from District Court, Choteau County; Dudley Du Bose, Judge.*

ACTION by T. C. Power & Brother, a corporation, against John T. Murphy, Henry L. Chipman, George D. Patterson and Louisa Patterson. From a judgment for plaintiff and an order denying a new trial, defendants Murphy and Chipman appeal. Appeals dismissed.

*Mr. M. Bullard,* and *Mr. H. G. McIntire,* for Appellants.

*Messrs. Walsh & Newman,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the court.

These are appeals by Murphy and Chipman, two of the defendants, from the judgment and an order overruling their motion for a new trial. The respondent moves the dismissal of the appeals upon the grounds—First, that the appellants have not filed their brief within the time required by the rules of this court; and, secondly, that notice of the appeals was not

served upon the defendants George D. Patterson and wife, or on either of them.

The action was brought on a note for $3,000, made by Patterson to the plaintiff's assignor, the payment of which was secured by a mortgage executed by Patterson and wife. The object of the action was to procure a sale of the property mortgaged, the foreclosure of the equity of redemption of each of the defendants, and a personal judgment against George D. Patterson in the event the proceeds of such sale should be insufficient to satisfy the amount due to the plaintiff. The Pattersons were duly served with summons and a copy of the complaint. They made default. The defendants Murphy and Chipman, by answer (which, so far as the transcript discloses, was not served upon the Pattersons), denied the execution of the note and mortgage, or that anything was due or owing upon either, and pleaded affirmatively that at the time the mortgage was made they owned, and still own, undivided interests in the land described in the mortgage, and then had, and ever since have held, a lien upon Patterson's interests therein paramount to the mortgage lien asserted by the plaintiff. Upon trial of the issues joined between the plaintiff and Murphy and Chipman, the court found that the plaintiff's mortgage was the first lien upon a certain part of the land, superior to the title and to the lien of Murphy and Chipman; and further found that Murphy and Chipman's lien on the remainder of the land was superior to that of the plaintiff's mortgage. Judgment in accordance with the findings was entered for the sale of the land and the application of its avails toward satisfaction of the mortgage debt due to the plaintiff, and (if the proceeds of sale should be insufficient to liquidate the plaintiff's demand) for the docketing of a deficiency judgment against the defendant George D. Patterson, who was personally liable on the note. Murphy and Chipman moved for a new trial, addressing the notice of intention to, and serving it upon, the Pattersons. The motion was denied. Murphy and Chipman then served notice of their appeals from the judgment and order denying a new trial, but

neither directed the notice to, nor served it upon, Patterson or his wife. Patterson has not appeared in this court; hence the question whether his voluntary appearance would remedy the omission to serve notice of appeal upon him is not presented.

By failing to answer the complaint, Patterson admitted the material allegations therein contained to be true, and this is all he admitted. His default was tantamount to consent that a judgment in accord with the averments of the complaint might be entered against him. That pleading did not tender any issue to him with respect to Murphy and Chipman's lien or title. A party to a judgment whose rights may be injuriously affected by its reversal or modification is entitled to notice of appeal; the fact that he failed to answer the complaint does not deprive him of such right. Section 1724 of the Code of Civil Procedure provides, among other things, that "an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney." This means, of course, that the notice must be served upon every adverse party. A party is adverse who has an interest in opposing the object sought to be accomplished by the appeal. In the language of Chancellor Walworth in *Thompson* v. *Ellsworth,* 1 Barbour's Chancery, 624, by adverse party is meant "the party whose interest in relation to the subject of the appeal is in conflict with the reversal of the order or decree appealed from, or the modification sought for by the appeal." The purpose of the appeals in the present case is to reverse the judgment, or to procure its modification, so that the title and lien asserted by the appellants, and which have been declared subordinate to the demand of the plaintiff, may attach as a charge superior to the plaintiff's demand. The effect of such reversal or modification would be to release (so far as this action is concerned) certain of Patterson's property from the prior lien thereon of the respondent as declared by the judgment, thereby diminishing the fund to arise from the decretal sale, and tend-

ing to increase the amount of any deficiency judgment that might be rendered against Patterson. The appellants seek, by the attempted appeals, to have respondent's mortgage declared inferior to their title and lien. If the judgment appealed from stands, the respondent must, before it can have and enforce a personal judgment against Patterson, exhaust the remedy afforded by the mortgage,—it must sell the land. Such decretal sale might satisfy the judgment establishing the indebtedness due from Patterson to the respondent.

If the action had been to foreclose a mortgage made by another person to secure payment of Patterson's note, would not Patterson have an interest in opposing the reversal of a judgment declaring such mortgage paramount to liens set up by certain defendants? That he would seems clear. Might he not be interested in seeking to vacate a judgment declaring the respondent's mortgage to be inferior to the appellants' liens? The priority of the respondent's lien, as established by the judgment, is a matter in which Patterson has an interest recognized by the law, and he is interested in maintaining the integrity of the judgment declaring the respondent's mortgage to be a superior lien upon part of the property. The case of *Moody* v. *Miller,* 24 Oregon Reports, 179, 33 Pacific Reporter, 402, involved a question similar to the one raised here, and the court dismissed the appeal. (See, also, *Harper* v. *Hildreth,* 99 Cal. 265, 33 Pac. 1103; *Bowering* v. *Adams,* 126 Cal. 653, 59 Pac. 134; and 2 Cyc. Law & Proc. 863, 864.) Not having appealed, he is presumed to be satisfied with the judgment which established such lien, and to object to a reversal of it or to a change in its terms. He has the right to be heard in support of the judgment and the order denying a new trial; but he has not been subjected to the jurisdiction of this court.

The fact that Patterson has been adjudged a bankrupt since the taking of the appeals is a matter of no moment upon this motion.

The defendant George D. Patterson was an adverse party. He was not served with notice of either appeal, and hence both

appeals must be dismissed.   So holding, consideration of the question whether his wife was an adverse party, and of the first ground of the motion, is unnecessary.

The appeals are dismissed.

*Dismissed.*