SPOKANE RANCH & WATER CO., RESPONDENT, *v.* BEATTY
ET AL., APPELLANTS.

(No. 2,523.)

(Submitted June 26, 1908.    Decided July 18, 1908.)

[96 Pac. 727.]

*Water Rights—Appeal—Notice—Adverse Parties—Decree—Removal of Water from. Watershed.*

Water Rights—Appeal—Presumptions.
1.   Where a decree in a water right suit awarded to two defendants a joint right, and one appealed from the judgment while the other did not, it .will be presumed that the non-appealing defendant was satisfied with the decree as it stood.

Appeal—Notice—Adverse  Parties.
2.   While under section 1721, Code of Civil Procedure, any party aggrieved may appeal, no matter whether the judgment be joint or several, he must serve with notice all other parties who are interested in opposing the relief which he seeks by his appeal, if they formally appeared in the action below, else his appeal will prove ineffectual.

Same—Adverse  Party—Definition.
3.   An adverse party, within the meaning of section 1724, Code of Civil Procedure, relative to the requirement that an appellant must serve the adverse party with notice of his intention to appeal, is one who has an interest in opposing the object sought to be accomplished by the appeal.

Water Rights—Decree—Removal of Water from Watershed.
4.   A decree, in a water right suit, which does not specifically authorize a prior appropriator to take the water awarded him from its watershed permanently, must be construed as not giving that right.

Same—Decree—Appeal—Notice—Dismissal.
5.   In a suit to determine water rights, the court awarded to one of the defendants (a city) the same rights (theretofore used for agricultural purposes) as its predecessors had, but did not declare that defendant city had the right to take the water away from the watershed or basin of the main stream.   Several codefendants appealed from the decree, but failed to serve certain nonappealing defendants with notice. *Held,* that since the defendants not served with notice could only be detrimentally affected by any modification of the decree, they were adverse parties, entitled to notice, and that in the absence of notice, the appeal must be dismissed.

*Appeal from District Court, Broadwater County; W. R. C. Stewart, Judge.*

ACTION by the Spokane Ranch and Water Company against George Beatty and others.   From a judgment for plaintiff and certain of the defendants, George Beatty and other of the defendants appeal.   Dismissed.

*Mr. C. B. Nolan, Mr. J. E. Kanouse,* and *Mr. E. H. Goodman,* for Appellants.

*Mr. Edward Horsky,* for Respondent City of Helena.

MR. JUSTICE SMITH delivered the opinion of the court.

This action involves rights to the use of the waters of Beaver Creek, in Broadwater county. The pleadings are voluminous, and it seems unnecessary to recite them in detail.

It appears that the plaintiff claims a water right of one thousand inches, dated August 1, 1866, and that the defendant city of Helena claims six water rights appropriated during the year 1865. Five of these water rights may be designated as the agricultural rights, and one as the placer mining right. The five agricultural rights aggregate three hundred and twenty-eight inches of water, and the placer mining right is one thousand inches. All of these water rights were acquired by purchase. In 1892 a decree was entered in the district court of Jefferson county, wherein it was adjudged that the water rights now owned by the city of Helena were all prior in time to that of the plaintiff. The pleadings show that the city of Helena proposes to take the water which it has a right to use out of the basin or channel of Beaver creek, and convey it to the city of Helena for municipal purposes, and that, if the city carries out its intention, none of the said water will be available for agricultural purposes in the basin of Beaver creek. The defendants, other than the city of Helena, claim water rights in Beaver creek subsequent in time to those of the city, but they allege in their several answers that, after the waters were used by the predecessors in interest of the city, the same were allowed to return to the stream in such a manner as that the junior rights were supplied at some periods of the year, and that they, the junior claimants, did, in fact acquire substantial rights in the water, which will be entirely lost to them if the city is allowed to take the water away from the basin of the creek. At the trial the city introduced evidence to show when, how, and in what quantities its

predecessors in interest had used both the so-called agricultural rights and the placer mining right. Counsel for certain of the defendants, other than Elizabeth McMasters, after the taking of testimony was concluded in the court below, requested the court to make findings showing to what uses the water acquired by the city of Helena had been put prior to the acquisition thereof by the city, the extent of the use and the periods during each season when the water was used up to the time of sale of the rights to the city, and whether the junior appropriators acquired substantial rights in and to the waters covered by said appropriations, and whether such rights will be injuriously affected by the use of the water for municipal purposes by the city of Helena.

The court, among other findings of fact, made the following:

"(7) That on the thirty-first day of March, 1865, the city of Helena, and its predecessors in interest, diverted sixty-seven inches, being one and sixty-six one hundredths cubic feet per second, of the waters of Beaver creek, and appropriated the same for useful and beneficial purposes (being the same right decreed to Julia Reynolds as of said date in said decree), and ever since said date the said defendant and its predecessors in interest have continued to use the same for useful and beneficial purposes.

"(8) That on the first day of April, 1865, the said city of Helena and its predecessors in interest diverted one hundred and ninety-four inches, being four and eighty-five hundredths cubic feet per second, of the waters of Beaver creek, and appropriated the same for useful and beneficial purposes (being the same water right decreed, as of said date, to the defendants George Beatty, Charles A. Fallen, and Andrew Thompson), and ever since said date have continued to use the same for useful and beneficial purposes.

"(9) That on the first day of October, 1865, the said city of Helena and its predecessors in interest, diverted sixty-seven inches, being one and sixty-six hundredths cubic feet per second, of the waters of Beaver creek, and appropriated the same

for useful and beneficial purposes (being the same water right decreed, as of said date, to W. R. Davies in said decree), and ever since said date have continued to use the same for useful and beneficial purposes.

"(10) That on the first day of October, 1865, the said city of Helena and its predecessors in interest diverted one thousand inches, being twenty-five cubic feet per second, of the waters of Beaver creek, and appropriated the same for useful and benefical purposes, through its French Bar ditch, extending from Beaver creek in Broadwater county (then Jefferson county), state of Montana, to French Bar on the Missouri river, in Lewis and Clark county, said state, beyond and without the watershed of said Beaver creek, and appropriated the same for useful and beneficial purposes (being the same water right decreed, as of said date, to the Murray Placer Mining Company in said decree), and ever since said date have continued to use the same through its French Bar ditch and by means of its ditch known as the Beaver Creek Company ditch, or Indian creek ditch, which said ditch extends from Beaver creek, Broadwater county, state of Montana, to Indian creek, in said county, beyond and without the watershed of said Beaver creek, for useful and beneficial purposes."

The plaintiff and certain of the defendants, other than the city of Helena, were found to have water rights in Beaver creek, all subsequent in time to those of the city, and in making its findings of fact in relation to the rights of these defendants the court employed the same phraseology as that found in finding No. 7, just recited. No specific finding of fact was made as to the particular uses to which the water had been put by any of the parties to the action. Neither was there any finding as to the periods of time during which the water had been used.

After reciting the findings of fact and conclusions of law, the decree of the district court reads as follows:

"(1) That the defendant, the city of Helena, a municipal corporation, is the owner of and entitled to the use of one and SIXTY-SIX hundredths cubic feet per second of the waters of

Beaver creek and its tributaries, by virtue of an appropriation thereof on the thirty-first day of March, 1865, which said right is the first right in said waters and is prior to all the other rights hereinafter mentioned.

"(2) That, subject to the preceding rights, the defendant the city of Helena, a municipal corporation, is the owner and entitled to the use of four and eighty-five hundredths cubic feet of the waters of Beaver creek and its tributaries, by virtue of an appropriation thereof on the first day of April, 1865, which said right is the second right in said waters and prior to all other rights hereinafter mentioned.

"(3) That, subject to the preceding rights, the defendant, the city of Helena, a municipal corporation, is the owner of and entitled to the use of one and sixty-six one hundredths cubic feet per second of the waters of Beaver creek and its tributaries, by virtue of an appropriation thereof on the first day of October, 1865, which said right is the third right in said waters and prior to all other rights hereinafter mentioned.

"(4) That, subject to the preceding rights, the defendant, the city of Helena, a municipal corporation, is the owner of and entitled to the use of twenty-five cubic feet per second of the waters of Beaver creek and its tributaries, by virtue of an appropriation thereof on the first day of October, 1865, which said right is the fourth right in said waters and prior to all other rights hereinafter mentioned, and is entitled to use the same beyond and without the watershed of said Beaver creek. * * *

"It is further ordered, adjudged and decreed that the plaintiff and each and all of the appearing defendants in this action shall be entitled to the use and enjoyment of their respective appropriations of the waters of said Beaver creek, and the streams and springs tributary thereto, according to their respective priorities of the date of appropriation and the amounts of their respective appropriations of the said waters, as the same are established and set forth in this decree, and that the parties hereto and their agents, servants, employees, and

grantees, and each of them, are hereby perpetually enjoined and restrained from in any manner interfering with, hindering, or delaying the other parties in taking from the said stream or its tributaries the respective amounts of their several appropriations as set forth and described in this decree, and from in any manner interfering with or stopping the flow of said waters to the head of or through the ditch or ditches of the other respective appearing parties to this action.   *   *   *

"It is further ordered, adjudged and decreed that the appearing parties hereto are entitled to the use of the water of said Beaver creek and its tributaries according to the amounts and dates of their several appropriations as hereinbefore set forth, or as much of the said amounts as the said parties shall respectively apply to a beneficial use."

By the decree the defendant Elizabeth McMasters was awarded a water right of two and five tenths cubic feet per second dated May 1, 1893, and the defendants Charles and James Whitehead were given jointly a right of five cubic feet of water per second, dated June 7, 1904. Charles Whitehead is one of the appellants, and James appears in the title of the case on appellants' brief as a respondent. Ludwig Kirchlechner was awarded the right to use the waters of Pole creek, a tributary of Beaver creek, said right dating from July 31, 1901.

The defendants who are appellants here, excepted to the action of the court in refusing to make findings of fact as requested, and afterward filed their notice of intention to move for a new trial, which notice of intention is addressed to the plaintiff and its attorneys, and to the defendants city of Helena, Elizabeth McMasters and Ludwig Kirchlechner, and their attorneys, and the same was served upon the attorneys to whom it was addressed. Among the grounds relied upon in the notice of intention to move for a new trial are (a) insufficiency of the evidence to justify the findings of fact heretofore set forth; (b) insufficiency of the evidence to justify the findings that the city of Helena and its predecessors in interest used the water awarded to the city of Helena in the manner stated in the find-

ings so awarding said waters; and (c) because the findings awarding the water to the city of Helena and to the plaintiff are against the law and are also against the evidence. A so-called "Bill of Exceptions and Statement on Motion for New Trial" was prepared, which bears the indorsement of the city attorney of the city of Helena, wherein he admits service, but the same was not served upon any of the other parties to the action. The motion for a new trial was denied by the district court, and thereafter the defendants who made the motion served and filed their notice of appeal to this court, which said notice of appeal is directed to the city of Helena, Elizabeth McMasters, and Ludwig Kirchlechner, defendants, and their attorneys, and to the Spokane Ranch & Water Company, the plaintiff, and its attorneys. The record shows that this notice of appeal was served on the attorneys to whom it was directed. The defendant James Whitehead is not mentioned, either as an appellant or otherwise.

The cause has been argued upon the merits, but the defendants city of Helena and Elizabeth McMasters have interposed motions to dismiss the appeal, and also to affirm the judgment, without reference to the merits. It will not be necessary to consider the latter motions. The motions to dismiss are based upon the grounds (a) that the defendants C. W. Dodge, Wesley Beatty, W. S. Dodge, L. E. Lansing, John Graham, John Beatty, and James Whitehead were not served with notice of appeal; (b) because the same defendants were not served with notice of intention to move for a new trial; (c) because the statement on motion for a new trial was not served on said defendants nor upon the plaintiff.

The record discloses that C. W. Dodge, Wesley Beatty, W. S. Dodge, John Beatty, and James S. Smith were named as defendants in the original complaint. James S. Smith disclaimed any interest in the controversy, and was discharged from the case. C. W. Dodge and one H. W. Beatty (said by counsel to be Wesley Beatty) joined with the appealing defendants in their answers to the complaint of the plaintiff and the cross-

complaint of the city of Helena. Neither C. W. Dodge, Wesley Beatty, H. W. Beatty, W. S. Dodge, L. E. Lansing, John Graham, nor John Beatty are mentioned in the decree, and we have no means of knowing whether they have any rights in the controversy or not. But the defendant James Whitehead was awarded a water right, and he was not served with notice of either the proceedings for a new trial or the appeal. The record shows that Charles and James Whitehead were awarded what appears to be a joint right, and the fact that Charles appeals and James does not seems to indicate that they do not agree as to the expediency of an appeal. Any party aggrieved may appeal to the supreme court. (Code Civ. Proc., sec. 1721.) Not having appealed, James Whitehead is presumed to be satisfied with the judgment as it stands. (*Power* v. *Murphy,* 26 Mont. 387, 68 Pac. 411.) In the case of *Senter* v. *De Bernel,* 38 Cal. 637, the court said: "Our Code allows any and every party who is aggrieved to appeal without joining any one else, no matter what may be the character of the judgment against him, whether joint or several, and in this respect works a change from the former practice; but he is required to notify all other parties who are interested in opposing the relief which he seeks by his appeal, if they have formally appeared in the action in the court below, or his appeal, as to those not served, will prove ineffectual, and also as those served, if the relief sought is of such a character that it cannot be granted as to the latter without being granted as to the former also."

As hereinbefore stated, some of the nonappealing defendants, notably C. W. Dodge and H. W. Beatty, formally appeared and answered in the court below. We do not know, because the entire record is not before us, why they were not awarded water rights. We do not know what their attitude toward the judgment is. It may be that they have no fault to find with that portion of the judgment relating to the city's so-called agricultural rights.

As it is contended by appellants that the second and third reasons advanced for dismissing the appeal may not be success-

fully urged on a motion to dismiss, but only, if at all, on a motion to affirm the order of the court below, we shall confine ourselves to the first ground of the motion. As to that, it is ingeniously argued by counsel that, if all parties on whom the notice of intention to move for a new trial is served are also served with notice of the appeal, then the appeal is properly perfected and this court obtains jurisdiction. We cannot agree with this contention. The statute (Code Civ. Proc. 1895, sec. 1724) reads as follows: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. * * * " It is contended that the adverse party referred to is only the party who has been served with the notice of intention to move for a new trial. But the courts have held that the adverse party is one who has an interest in opposing the object sought to be accomplished by the appeal. (*Power* v. *Murphy, supra; Hayes* v. *Union Merc. Co.,* 27 Mont. 264, 70 Pac. 975; *Bowering* v. *Adams,* 126 Cal. 653, 59 Pac. 134.) The object sought to be accomplished by this appeal is to get a new trial of the issues relating to the right of the city of Helena to take the waters of Beaver creek out of the basin of that stream permanently. The bill of exceptions prepared by counsel for appellants recites: "The above cause came on regularly for trial, * * * and the following evidence was introduced respecting the rights of the city of Helena in and to the waters of Beaver creek and its tributaries as affecting the right of the city to take from the basin of Beaver creek the waters decreed to it. * * * " We quote the following language from the brief of counsel for the appellants: "In this case the only question presented by the appeal is whether the city of Helena is authorized to take the water adjudged it away from the basin of Beaver creek, and, in the event that the city is not permitted to do this, all of the parties are beneficially affected." So that the object sought to be accomplished by this appeal is to get a new trial with directions

to the district court to make findings of fact upon which another decree may be based, either allowing to the city the right to take the waters away permanently or refusing the right. Is James Whitehead interested in opposing such a procedure? He is, if the present decree does not give the city that right, and, of course, if it does give the right he is not, because any modification thereof can only inure to his benefit.

What, then, is the legal effect of the decree before us? It will be sufficient to consider that part thereof relating to the so-called agricultural rights, incidentally, however, examining the language employed by the court with reference to the placer mining right. Let it be recalled that the pleadings and bill of exceptions show that the fundamental question before the court was whether the city of Helena was authorized to continuously use its water rights outside of the basin of Beaver creek. Again, the court found that the placer mining right of one thousand inches had been used through the French Bar ditch and by means of the Beaver Creek Company or Indian creek ditch, "which said ditch extends beyond and without the watershed of Beaver creek, for useful and beneficial purposes." And by the decree the city was specifically given the right to use the placer mining company water "beyond and without the watershed of Beaver creek." When we come to examine the words used by the court with reference to the other water rights of the city, we observe that the findings are couched in the ordinary terms employed by courts in this northwestern country in defining water rights used for agricultural purposes. Such findings, so long employed by our courts, comprehend the legal proposition that each subsequent appropriator is entitled to have the water flow in the same manner as when he located, and that he may insist that prior appropriators shall be confined to what was actually appropriated or necessary for the purposes for which they intended to use the water. (Gould on Waters, 3d ed., sec. 231; *Gassert* v. *Noyes,* 18 Mont. 216, 44 Pac. 959; *Creek* v. *Bozeman Waterworks Co.,* 15 Mont. 121, 38 Pac. 459; 3 Farnham on Waters and Water Rights, 2085.) So that it naturally follows

that a decree that does not specifically authorize the prior appropriator to take the water from the watershed permanently must be construed as not giving that right. And in this case it is manifest to us that this decree does not give the city such right, and that the district judge who signed the same did not intend that it should; otherwise, he would have used the same language in regard to the agricultural rights as he did in relation to the placer mining right. The phraseology employed with reference to these agricultural rights of the city simply amounts to a determination that the city has the same rights in the waters of Beaver creek as its predecessors had. What those rights were, save as to the volume of water and date of appropriation, is left undetermined. Therefore, as we are of opinion that this decree, so far as the agricultural rights are concerned, does not give to the city the authority to continuously take the water outside the watershed or basin of the main stream, it follows that the appeal must be dismissed, for the reason that the defendants not served with notice of appeal could only be detrimentally affected by any modification of the decree; and it is so ordered.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

## ON MOTION FOR REHEARING.

(Submitted October 6, 1908.    Decided October 9, 1908.)

MR. JUSTICE SMITH delivered the opinion of the court.

In this case the respondent, the city of Helena, has filed a motion for a rehearing as follows: "Comes now the above-named respondent, the city of Helena, and moves the court for a rehearing herein, or, if such rehearing is not deemed advisable or necessary, then to make certain modifications in, or exploitation of, said opinion, in the respects and for the reasons hereinafter more fully set forth." In the opinion heretofore handed down the court employed the following language: "And in this case it

is manifest to us that this decree does not give the city such right, and that the district judge who signed the same did not intend that it should; otherwise he would have used the same language in regard to the agricultural rights as he did in relation to the placer mining right.'' It is suggested by counsel for the city that the use of the foregoing language leaves in doubt the question whether the court referred to all of the water rights claimed by the city, or only to the agricultural rights; and the request is made that the words, ''with reference to its agricul-tural rights'' be inserted after the words ''such right,'' used in the foregoing quotation from the opinion. We do not deem it advisable or necessary to grant a rehearing in the case. Neither do we think it necessary to add anything to the opinion. The case has already been reported in the Pacific Reporter (96 Pac. 727), and we think it is clear from the whole opinion that the addition of the words suggested would add nothing to the decision as heretofore handed down. The court, in the sentence quoted, referred solely to the city's so-called agricultural rights as being restricted, by the decree, to the watershed of Beaver creek. We do not feel that counsel for the city need apprehend that any different construction will be placed upon the language used. Rehearing denied.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.