# CASES DETERMINED

IN THE

# SUPREME COURT OF CALIFORNIA

BUT NOT

# OFFICIALLY REPORTED.

In re CASTLE DOME MINING & SMELTING CO.

No. 11,130; June 25, 1888.

18 Pac. 794.

Insolvency—Jurisdiction—Foreign Corporation.—Under the insolvency act of 1880, which provides, in section 8, that the petition shall be filed in the county where the debtor resides, or has his place of business, and, in section 21, makes certain provisions in case of a nonresident debtor, the California courts have jurisdiction of proceedings in involuntary insolvency against a foreign corporation which has property and a place of business in the state.

APPEAL from Superior Court, Alameda County; N. Hamilton, Judge.

Olney, Chickering & Thomas for appellants; Clunie & Knight and Wm. H. Sharp for respondents.

HAYNE, C.—This is an appeal from an order of the superior court of Alameda county dismissing proceedings in involuntary insolvency for want of jurisdiction. The corporation against which the proceedings were commenced was organized under the laws of New York, and had its principal place of business there. Its mine was in Arizona, but its smelting works were situated and operated in Alameda county. No question arises, on this appeal, as to the validity of a discharge in case one shall be granted. The primary

1         (1)

object of proceedings in involuntary insolvency is to have the proceeds of the property of the insolvent within the state distributed among the creditors in the manner pointed out in the statute. The granting of a discharge to the insolvent is a separate matter. The property may be taken, and its proceeds distributed among the creditors, although the insolvent be found to be not entitled to a discharge, and never gets it. If, therefore, the court had jurisdiction to distribute the proceeds of the property, its order was erroneous, irrespective of the question whether it could grant a discharge which would be valid out of the state. Now, in the first place, we think there can be no question as to the power of the state to pass a law to the effect that upon the insolvency of a corporation, domestic or foreign, its property within the state shall be taken, after due service of process, and the proceeds distributed among its creditors. It certainly has as much power to do that as it has to provide that the proceeds of the property shall be given to the creditor or creditors who shall have succeeded in getting an attachment. It is a mere question as to the remedy for the enforcement of the insolvent's obligations. As a matter of course, there must be due service of process. But the insolvency act provides for such service, and it is not disputed that due service was had in this case, the order to show cause having been served upon the president and upon the general manager within this state. In the second place, we think that the insolvency act of 1880 is such an act. The position of the respondents in this regard is not that the act does not apply to corporations. Such a position could not be taken, because the act is expressly made applicable to corporations: Section 36. The argument is that, upon a proper construction of the act, it must be held to apply only to residents of the state, and that a foreign corporation having its principal place of business elsewhere is not a resident of the state. However this may be with respect to voluntary, we do not think it so as to involuntary, insolvency. The provision relied upon is that the petition "must be filed in the superior court of the county, or city and county, in which the debtor resides, or has his place of business": Section 8. It will be observed of this provision that residence is not the only condition mentioned. The petition may be filed where the debtor "has his place of business." And, when this provision is read

in connection with subdivision 3 of section 21 (which speaks of certain things which may be done "in case of a nonresident . . . . debtor"), it seems plain that the proceedings may be commenced against a nonresident, at all events if he has a place of business here. The corporation has a place of business in Alamada county; and, as this place of business is its only one in the state, it must be considered its principal place of business, so far as this state is concerned. In the language of one of the papers introduced in evidence by the respondents, it was "a corporation duly organized and existing under the laws of the state of New York, and whose principal place of business, within the limits of said state of California, is located in said county of Alameda." No question is made as to the regularity of the record on appeal. We therefore advise that the order appealed from be reversed and the cause remanded for further proceedings.

I concur: Foote, C.

Belcher, C. C., took no part in this opinion.

PER CURIAM.—For the reasons given in the foregoing opinion the order is reversed and the cause remanded for further proceedings.