[No. 11130. In Bank. — May 24, 1889.]

## In the Matter of the CASTLE DOME MINING AND SMELTING COMPANY.

Insolvency — Foreign Corporation — Appeal. — The question whether a foreign corporation doing business in this state can be adjudged an involuntary insolvent, and required to surrender its property, under the insolvent law of this state, cannot be considered upon an appeal of which the appellate court has no jurisdiction.

Id. — Dismissal of Insolvency Proceeding — Default of Insolvent — Intervention — Contest between Creditors — Appeal — Service of Notice — Dismissal of Appeal — Waiver. — Upon an appeal taken by petitioning creditors from an order dismissing a proceeding in insolvency against a foreign corporation for alleged want of jurisdiction, though the corporation made default, and the controversy is between the petitioning creditors and attaching creditors of the corporation, who intervened to prevent an adjudication of insolvency against the corporation, the notice of appeal must be served upon the corporation as well as upon the attaching creditors, in order to give jurisdiction of the appeal, since the judgment was in favor of the corporation and a reversal would affect its rights. An objection to the jurisdiction for want of such service is not waived under rule 13, by failure to object before the hearing of the appeal, but may be urged at the hearing as a ground of dismissing the appeal.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*Olney, Chickering & Thomas,* for Appellants.

*Cope, Boyd & Fifield,* and *William H. & William B. Sharp,* for Respondents.

It is a settled rule, that, in order to give this court jurisdiction to entertain an appeal, the notice of appeal must be served upon every party who will be affected by a reversal or modification of the judgment or order appealed from. (*Williams* v. *S. C. Mining Ass'n,* 66 Cal. 193; *O'Kane* v. *Daly,* 63 Cal. 317; *Randall* v. *Hunter,* 69 Cal. 80; *Miller* v. *Thomas,* 71 Cal. 406, 407; *Moyle* v. *Landers,* 78 Cal. 99; *Millikin* v. *Houghton,* 75 Cal. 539; *Columbet* v. *Pacheco,* 46 Cal. 650; *In re Medbury,* 48 Cal. 83.)

BEATTY, C. J. —The Castle Dome Mining and Smelting Company is a New York corporation, having a mine in Arizona, and smelting-works in Alameda County, in this state. Its property in this state was attached by certain of its creditors, and thereupon other of its creditors filed a petition, under the insolvent law, in the superior court of Alameda County, praying that it might be adjudged insolvent and required to surrender its property, etc. The usual order to show cause why the petition should not be granted was made and served on the president and general manager of the company. On the return day the company failed to appear, but the attaching creditors appeared and filed interventions, and at the same time demurred to the petition in insolvency, upon the ground, among others, that the superior court of Alameda County had no jurisdiction of the proceeding against a foreign — non-resident— corporation. The court sustained the demurrers, and dismissed the petition

in insolvency, upon the ground that it had no jurisdiction.

From this order of dismissal the petitioning creditors appealed, but they served their notice of appeal upon the intervenors only, omitting to serve it on the Castle Dome Company.

In Department Two, where the case was originally submitted for decision, the argument of counsel was directed exclusively to the question presented by the demurrers, and decided by the superior court, viz., whether in the case of a foreign corporation carrying on business and having property in this state, such property is subject to the provisions of our law concerning involuntary insolvency.

Upon this point it was held by the Department, in its decision rendered June 25, 1888 (18 Pac. Rep. 794), that our insolvent law does apply in such cases, and the judgment of the superior court was ordered reversed.

Subsequently a petition for rehearing was filed by respondents, the attaching creditors, in which, for the first time, several objections to the right of the appellants to be heard on the merits of the appeal were specified.

A rehearing having been granted, these objections are renewed and insisted upon, and one of them being jurisdictional, and, in our opinion, fatal to the appeal, the others need not be, and the question formerly decided cannot be considered.

The notice of appeal was never served on the Castle Dome Company.

The judgment appealed from, although rendered at the instance of the intervenors alone, and in the absence of and after default by the Castle Dome Company, was still a judgment in favor of the company. It may be, as contended by appellants, that the company is in fact wholly unconcerned in the controversy between the attaching and petitioning creditors; that all its property will go in any event in partial satisfaction of its debts,

and that it will not be affected in any practical manner however this appeal may be determined. But the fact still remains, that the judgment appealed from was a judgment in its favor, and cannot be reversed without depriving it of an apparent legal advantage. The effect of the judgment was to affirm its right to hold and dispose of its property, subject only to the lien of the attachments; the effect of a reversal of the judgment would be to deprive it of all control of its property, or, in other words, to convert a judgment in its favor into a judgment against it, upon the whole subject-matter of the proceeding.

· This being so, it was absolutely essential, to give this court jurisdiction, that the notice of appeal should be served on the Castle Dome Company. (Code Civ. Proc., secs. 938–940; *Senter* v. *De Bernal*, 38 Cal. 641; *Williams* v. *S. C. Min. Ass'n*, 66 Cal. 193; *O'Kane* v. *Daly*, 63 Cal. 317; *Randall* v. *Hunter*, 69 Cal. 80; *Miller* v. *Thomas*, 71 Cal. 407; *Millikin* v. *Houghton*, 75 Cal. 537; *Moyle* v. *Landers*, 78 Cal. 99.)

Our jurisdiction cannot be saved in this case, upon the ground taken in *Randall* v. *Hunter*, 69 Cal. 80. A reversal in that case would have had no effect upon the judgment entered *against* the party not served, but here a reversal would convert a judgment in favor of the party not served into a judgment against it.

And we cannot hold that respondents are precluded by rule 13 of this court from urging this objection now because they failed to make it prior to the original hearing of the case. Rule 13 cannot be held to apply to an objection which goes directly to our jurisdiction to hear an appeal. The ground upon which a respondent is allowed to object to the hearing of an appeal, because some other party adverse to the appellant has not been served with notice of appeal, is not that *his* rights are affected, but merely that the court is bound at all times to keep within its proper jurisdiction, and must give

heed to such objections, no matter how they are brought to its attention.

For the reasons stated, this appeal must be dismissed, and it is so ordered.

WORKS, J., THORNTON, J., SHARPSTEIN, J., McFARLAND, J., and PATERSON, J., concurred.