## DE ARNAZ v. JAYNES et al.

## No. 19,138; September 13, 1893.

### 34 Pac. 223.

Appeal—Service of Notice.—In an Action to Foreclose a mortgage, the owners of two-thirds of the property alleged that plaintiff, as mortgagee, had been in possession and received certain rents and profits, and prayed for an accounting. A demurrer to this answer having been sustained, judgment was rendered against such owners, and they appealed. The owner of the other third interest consented to judgment for plaintiff, the latter having waived a deficiency judgment. The mortgage debt bore interest at eight per cent, and the judgment at seven. Held, that notice of appeal must be served on the owner of the one-third interest, since he would be injuriously affected by a reversal of the judgment.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by Jose de Arnaz against James Jaynes, Joseph Moffatt, I. B. Conkling and others. From a judgment for plaintiff, the three named defendants appeal. Dismissed.

M. W. Conkling for appellants; Lee & Scott for respondent.

HAYNES, C.—This is an appeal from a judgment foreclosing a mortgage. Appellants Jaynes, Moffatt and Conkling, and J. M. Taylor, Andrew Stephens and others, were made defendants. The mortgage was executed February 3, 1887, by appellant Moffatt and one H. Clay Graham, since deceased, to secure their two joint and several promissory notes for the aggregate sum of $20,540, with interest at eight per cent per annum, payable semi-annually, and if not paid, to bear interest at the same rate. Andrew Stephens was a lessee of the mortgaged property, and answered, setting up his interest. J. M. Taylor answered, alleging that he is the owner of an undivided two-thirds of the mortgaged premises, subject to the lien of the mortgage, and consenting that plaintiff be granted the relief prayed for in his complaint, including the appointment of a receiver. Defendants Jaynes, Moffatt and

Conkling (the appellants here) answered, admitting that no payments had been made upon the mortgage, and alleging that from December 1, 1887, to November 17, 1891, defendant Taylor owned an undivided two-thirds of the mortgaged property, and they the remaining one-third; that during the time above mentioned the plaintiff, as mortgagee, was in possession of the mortgaged premises, and received the rents and profits of the same, of the value of $5,000, which should have been applied upon the mortgage; and prayed for an accounting. Plaintiff demurred to this answer. The demurrer was sustained, and, defendants declining to amend, judgment went against them. Of all the defendants, Moffatt was the only one personally liable for the mortgage debt; and plaintiff, in his complaint and in the judgment, waived a deficiency judgment, except as to the funds in the hands of the receiver. The notice of appeal was served only upon the plaintiff, and he, as respondent here, now insists that the appeal should be dismissed because of appellants' failure to serve the notice of appeal upon defendants Taylor and Stephens, both of whom, he contends, would be affected by a reversal of the judgment.

There was no personal judgment against any of the defendants, for a deficiency or otherwise, but there was a judgment against the whole of the property, and to which Taylor is a necessary party. If the judgment should be reversed, Taylor would necessarily be a party to further proceedings, else his interest in the mortgaged premises would not be foreclosed. Respondent suggests that as the mortgage debt bears interest at eight per cent, compounded semi-annually, while the judgment bears but seven per cent, Taylor would necessarily be injuriously affected, since the amount for which his property would be liable would be increased. On the other hand, appellants contend that plaintiff should be required to account for the rents and profits, as alleged in their answer, and that such accounting would diminish the amount for which Taylor's interest would be liable, and that, therefore, he would be benefited. But this must depend upon their success in compelling an accounting, and the amount for which the plaintiff may be required to account. Taylor, having consented to the judgment, could not appeal, and is therefore conclusively presumed to be satisfied therewith. What his reasons were for so consenting we can only conjecture.

It may be that he hoped, by having a prompt disposition of the case, and an early sale—thus preventing a continued accumulation of interest—that there might be a surplus to be distributed among the owners. It is just as essential that Taylor should be a party to proceedings in the appellate court, which necessarily affect him or his interests, as that he should be a party to the proceedings in the court below. In Senter v. De Bernal, 38 Cal. 640, it was said: "Every party whose interest in the subject matter of the appeal is adverse to, or will be affected by, the reversal or modification of the judgment or order from which the appeal has been taken, is, we think, an adverse party, within the meaning of these provisions of the code, irrespective of the question whether he appears upon the face of the record in the attitude of a plaintiff or defendant or intervener." There the action was for partition. The court further said: "From the interlocutory judgment upon such issues, appeals may be taken by the party aggrieved, without making any persons parties to the appeal, except such as were parties to the issues; but no appeal from the whole of the final judgment can be made effectual unless all the parties to it are made parties to the appeal, either as appellants or respondents, for such a judgment cannot be reversed without affecting the interest of all who are parties to it": See, also, In re Castle Dome Min. & Smelting Co., 79 Cal. 248, 21 Pac. 746; Millikin v. Houghton, 75 Cal. 540, 17 Pac. 641; Williams v. Association, 66 Cal. 194, 5 Pac. 85; O'Kane v. Daly, 63 Cal. 318. Of course, all the cases concede that, if the omitted party would not be affected by a reversal or modification of the judgment appealed from, the appeal will be sustained; but this, I think, is as far as the court has gone, or could go, in any case. The appellate court having no jurisdiction to enter a judgment which would necessarily affect one not a party to the appeal, the other questions presented cannot be examined. I advise that the appeal herein be dismissed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the appeal is dismissed.