PORTER v. LASSEN COUNTY LAND AND CATTLE
COMPANY et al.

Sac. No. 459; December 8, 1898.

55 Pac. 395.

**Appeal—Necessary Parties.—A Defendant, Who Held a Second Mortgage,** conditioned that, if the first mortgage was foreclosed, his mortgage should not be foreclosed, by cross-complaint or otherwise, and who answered a foreclosure action, praying the application of surplus, if any, to his mortgage debt, and who was by the decree adjudged to hold a second mortgage, on which a certain amount of money was due, is a necessary adverse party, on whom notice must have been served of an appeal from such decree, though it merely directed the payment of the surplus into court to await a further order.

APPEAL from Superior Court, Lassen County.

Action by Benjamin F. Porter against the Lassen County Land and Cattle Company and others. There was a decree for plaintiff and defendant cattle company appealed. Dismissed.

Spencer & Raker for appellant; A. E. Bolton for respondent.

PER CURIAM.—This is an appeal by the defendant, the Lassen County Land and Cattle Company, from an order of the court below denying its motion for a new trial. With the final submission of the case here there was also submitted a motion by the respondent to dismiss the appeal upon the ground that the defendant George K. Porter was not served with notice of appeal. In our opinion, the motion to dismiss the appeal should be granted. The action was brought by the plaintiff, B. F. Porter, to foreclose a mortgage executed to him by the corporation defendant on the twenty-eighth day of January, 1893. The said George K. Porter was made a party defendant, it being averred in the complaint that he claimed some interest in the lands and premises mortgaged, which, it was alleged, was subsequent and subordinate to the mortgage of plaintiff. George K. Porter filed an answer, in which, after denying certain averments of the complaint as to the nonpayment of certain amounts due on plaintiff's

mortgage, he averred that subsequent to the date of plaintiff's mortgage, to wit, on January 22, 1894, the said corporation defendant executed to him a mortgage upon the property described in the complaint, as well as upon certain other property, to secure the sum of $16,061.50. This mortgage was set out in full in his answer, and it provided that, in the event of a suit brought by plaintiff to foreclose his mortgage, George K. Porter should not ask to have his mortgage foreclosed, by cross-complaint, or otherwise, and that he should not ask to have his mortgage foreclosed, except in a separate action brought by him. He averred in his answer that no part of the principal or interest of his mortgage had been paid, and prayed ''that the proceeds of sale of the mortgaged premises over and above the amount found due to the plaintiff be applied to the payment of the amount found due to this defendant, and that he have such other and further relief as may be meet in the premises.'' The court found that a mortgage had been executed by the corporation to George K. Porter, as averred in his answer, to secure the said sum of $16,061.50, and that no part of the principal or interest thereof had been paid. It was further found and decreed that any balance that should remain after paying the amount due on plaintiff's mortgage, with costs, expenses of sale, etc., should be ''paid into court to await the further order and judgment of said court.'' Appellant's notice of appeal was not addressed to, or served upon, the said George K. Porter. George K. Porter was an adverse party, upon whom the notice of appeal should have been served, within the rule declared by numerous decisions of this court: In re Castle Dome Mining & Smelting Co., 79 Cal. 246, 21 Pac. 746, and cases there cited; Harper v. Hildreth, 99 Cal. 265, 33 Pac. 1103; Lancaster v. Maxwell, 103 Cal. 67, 36 Pac. 951; Society v. Lewis, 111 Cal. 519, 44 Pac. 175. It was adjudged that he held a subsequent mortgage on the premises described in the complaint, and that a certain amount of money was due thereon; and, under the decision, he was entitled to have any surplus of the proceeds of the sale, over and above that necessary to satisfy the plaintiff's judgment, applied on his mortgage. He seemed to have been satisfied with the judgment, as he did not appeal from it, and he was interested in having his rights under the judgment maintained. A reversal would have altered his position, and left him without his right to

said surplus. He was · a second mortgagee, with certain rights secured to him by the judgment. His position of advantage as to the surplus was not affected by the fact that the court in its decree did not expressly declare that he was entitled to the surplus. The surplus was ordered to be paid into court, ''to await the further order and judgment'' of the court, and he was entitled to have the surplus under such further order and judgment. He was, therefore, an adverse party, upon whom it was necessary to serve the notice of appeal in order to give this court jurisdiction thereof. The appeal is dismissed.