Armour Fertilizer Wks. v. Wade Inv. Co.—On Rehearing—Syllabus.

ARMOUR FERTILIZER WORKS, A CORPORATION, *Appellant,* v.
N. G. WADE INVESTMENT COMPANY, A CORPORATION, *Appellee.*

Division B.

Opinion Filed October 22, 1925.

Petition for Rehearing Denied December 9, 1925.

1. A party who may be aggrieved by a decree in his separate
   interests, or several parties who may be so aggrieved as to
   their united interests, may take, the former his separate
   appeal, and the latter their joint appeal, without joining
   other parties adjudged against by the same decree, but not
   united in interest in the matter decreed as to the party or
   parties appealing.

2. When such an appeal is taken it is not necessary to cite as
   appellees a party whose interests will not be affected by any
   decree which may be made as to the interests of such appel-
   lants.

3. A party who would be directly affected by an appeal is a
   necessary party to the appeal.

4. Where a necessary party on an appeal has not been made
   such party, and has not voluntarily appeared in the appellate
   court, the appeal will be dismissed.

An Appeal from the Circuit Court for Alachua County;
A. V. Long, Judge.

Appeal dismissed.

*Haley & Heintz,* and *J. W. Holland,* for Appellant;

*H. L. Anderson,* for Appellee.

WHITFIELD, P. J.—In foreclosure proceedings brought by
N. G. Wade Investment Company, a corporation, against

S. G. Gay and wife and Armour Fertilizer Works, a corporation, it appears that Gay and wife executed to N. G. Wade Investment Company a mortgage upon real estate to secure the payment of designated notes, the mortgage containing a covenant that the mortgagor "will keep the dwelling house and barn on said lands insured in some standard insurance company or companies, in the sum of $2,000.00 each, with loss payable clause to the said N. G. Wade Investment Company;" that the insurance was taken with loss payable clause to N. G. Wade instead of N. G. Wade Investment Company; that Armour Fertilizer Works took a second mortgage on the property to secure a past due indebtedness without any covenant as to insurance; that $4,000.00 insurance was collected, but the mortgagor Gay directs it to be paid on debts due by Gay to N. G. Wade Investment Company that are not secured by the mortgage from Gay to the Investment Company; and that Armour Fertilizer Works claims a right to have the $4,000.00 applied to reduce the first mortgage debt so that the second mortgage debt will be the better secured. The $4,000.00 is in the hands of N. G. Wade, and he was not made a party to the suit.

The final decree adjudicated the mortgage lien against S. G. Gay, and in favor of N. G. Wade Investment Company for the full amount of the indebtedness, and made no adjudication as to the $4,000.00 insurance money. After final decree a motion for leave to amend the answer of Armour Fertilizer Works so as to make N. G. Wade a party, was denied.

The following appeal was entered and taken:

In the Circuit Court in and for Alachua County, Florida, in Chancery.

N. G. Wade Investment Company, a Corporation, Complainant v. S. G. Gay, et al., Defendants.

"Comes now the defendant, Armour Fertilizer Works, a corporation, and enters its appeal to the Supreme Court of Florida, to review the final decree entered in the above styled cause, made and rendered on the 5th day of January, 1923, and filed in the office of the Clerk of the Circuit Court of Alachua County, Florida, on the 8th day of January, 1923, and recorded in the Chancery Order Book on the 20th day of January, 1923, and makes the said appeal returnable on the 5th day of April, A. D. 1923, and the complainant, N. G. Wade Investment Company, a corporation, and its solicitor of record will please take notice thereof.

HALEY & HENTZ,
Solicitors for Defendant.
Armour Fertilizer Works, a
Corporation.''

This appeal in effect makes Armour Fertilizer Works, a corporation, the sole appellant, and N. G. Wade Investment Company, a corporation, the sole appellee. S. G. Gay who has a direct and vital interest in the amount of the decree against him, and in the application of the $4,000.00 insurance money is a necessary party to an appeal affecting the recovery against him and the application of the $4,000.00 insurance money, but though mentioned in the caption, he is not made a party appellant or appellee, and he has not in any way appeared in this court in person or by counsel.

A party who may be aggrieved by a decree in his separate interests, or several parties who may be so aggrieved as to their united interests, may take the former his separate appeal, and the latter their joint appeal, without joining other parties adjudged against by the same decree, but not united in interest in the matter decreed as to the party or parties appealing.

When such an appeal is taken, it is not necessary to cite as appellees a party whose interests will not be affected by any decree which may be made as to the interests of such appellants.   Guarantee Trust & Safe Deposit Co. v. Buddington, 23 Fla. 514, 2 South. Rep. 885. A party who would be directly affected by an appeal is a necessary party to the appeal.   3 C. J. 1014.

Where a necessary party on an appeal has not been made such party, and has not voluntarily appeared in the appellate court, the appeal must be dismissed.   Gifford v. Plummer, 73 Fla. 1065, 75 South. Rep. 536.

Assuming that the question of the application of the $4,000.00 insurance money could, in the absence of N. G. Wade who holds it, be adjudicated, and that the question was otherwise so submitted that an adjudication thereon should have been made and that Armour Fertilizer Works had a right to a separate appeal from the final decree as rendered, it was necesary to make S. G. Gay a party to the appeal because his rights are directly involved in the subject matter of the appeal; and as he was not made a party to the appeal and has not in any way appeared in this court in the appellate proceedings, the appeal must be and is hereby dismissed.

STRUM AND BROWN, J. J., concur.

WEST, C. J. AND ELLIS AND TERRELL, J. J., concur in the opinion.

## ON REHEARING.

PER CURIAM.—An application for rehearing insists that as a decree pro-confesso was entered against S. G. Gay, he is not a necessary party to the appeal as taken.   If Gay is not made a party to the appeal, the decree as to him

would not be affected by the appeal according to the authorities cited for the appellant; and unless the decree against Gay may be affected to the extent of the application of the $4,000.00 insurance money, the appeal can accomplish nothing.

Rehearing denied.

WHITFIELD, ELLIS, TERRELL, STRUM AND BROWN, J. J., concur.