Johnston, J.
This is an action to foreclose a $10,000 mortgage, dated January 23, 1929, on real property owned by defendants. The complaint was dismissed after trial, and judgment granted to defendants on their counterclaim to cancel and discharge the mortgage, on the ground that the Statute of Limitations bars its enforcement.
Plaintiff wife and defendant husband were married in 1911. In 1925 plaintiff took title to 126-128 Palisade Avenue, Yonkers, New York, in her own name. In 1926 husband and wife took title jointly to 118 Locust Hill Avenue, Yonkers. In 1929 a dispute between the husband and wife was settled by the husband conveying to plaintiff his interest in the Locust Hill Avenue property and plaintiff conveying to her husband title to the Palisade Avenue property. In connection with this exchange, the husband executed to plaintiff the bond and mortgage involved in this action. The mortgage is dated January 23, 1929, for $10,000, interest at 6%, payable semi-annually, $300 amortization payable semi-annually, balance of principal to become due January 23, 1934.
On February 2, 1934, the husband conveyed the property to his wife, subject to a first mortgage of $12,000 and the second mortgage of $10,000 here involved, the deed reciting that the $10,000 mortgage is not to merge in the title but is to remain an open mortgage.
After the $12,000 first mortgage had been paid off, and on February 20, 1947, the husband brought an action against his *392 wife to declare that she held three parcels of real property (the Palisade Avenue property, the Locust Hill Avenue property, and another parcel) in trust for both, to direct that she reconvey a one-half interest in the three parcels and other personal property not specifically described, and for an accounting. After trial, all claims of the husband were dismissed except one. On July 7, 1948, judgment was entered decreeing that on February 2,1934, the husband conveyed the Palisade Avenue property to the wife upon the understanding and agreement that she should manage it for him; that he is entitled to have it reconveyed to him subject to the purchase money mortgage of $10,000, no adjudication being made as to the amount, if any, due or owing upon said mortgage; and that the wife account to him for the income therefrom from February 20, 1941.
Pursuant to the judgment, the wife conveyed the premises to the husband on July 16, 1948, subject to the $10,000 mortgage. On July 28, 1948, the husband conveyed an undivided one-half interest in the property to defendant Danziger.
The wife thereafter filed an accounting in which, among other things, she claimed $4,500 amortization and $4,500 interest due her on the mortgage from 1941 to 1948. These items were not allowed by the final judgment entered February 28,1949, because the interlocutory judgment entered July 16, 1948, had decreed an accounting only of rents, issues, and profits, and not a general accounting, and the $9,000 claimed had not actually been disbursed, nor the liability incurred, in the transaction of the wife’s agency in the management of the premises.
On December 16, 1949, this action to foreclose the $10,000 mortgage was commenced. In her amended complaint plaintiff expressly waives all interest due prior to July 16, 1949. It is conceded that no payment on account of principal ever has been made on the bond and mortgage, and that no payment on account of interest has been made since July 23,1933. On these facts, it has been held by the judgment appealed from that the Statute of Limitations is a complete defense to the foreclosure of the mortgage, both as to principal and interest.
This result is unjust to plaintiff. By virtue of an exchange of properties in 1929, the plaintiff became the holder of the $10,000 mortgage here involved. About a week after that mortgage became due in 1934, she received title to the property subject to a $12,000 first mortgage and this $10,000 second mortgage which was not to merge in the fee. The latter clause, as between the parties, constituted the mortgaged premises the primary *393 fund for the payment of the debt. (Eagan v. Engeman, 125 App. Div. 743.) For thirteen years plaintiff was in effect debtor and creditor of the $10,000 mortgage. When in 1947, the husband began his action to have himself declared the owner of an undivided one-half interest in the premises, together with other parcels, the $12,000 first mortgage had been paid. For some reason not explained in this record, although the husband in that action demanded that he be declared the owner of only an undivided one-half interest in the premises, the judgment in 1948 directed that the whole title be conveyed to him by the wife subject to the $10,000 mortgage. The result of the judgment appealed from is that, although in 1934 the husband conveyed the property to his wife subject to two mortgages totaling $22,000, he now has the property free and clear.
When a grantor of mortgaged premises conveys real property subject to an existing mortgage, the recital of the mortgage in the deed constitutes an acknowledgment which will remove the bar of the Statute of Limitations as to the grantor. The grantee who accepts title by a deed in which it is expressly stated that it is conveyed subject to a mortgage is bound by the acknowledgment of the grantor. (1 Wiltsie on Mortgage Foreclosure [5th ed.], § 77; 2 Jones on Mortgages [8th ed.], § 1539; Moore v. Clark, 40 N. J. Eq. 152; Western Holding Co. v. Northwestern Land & Loan Co., 113 Mont. 24.) Nor does it matter that the acknowledgment is made by a grantor who is not the mortgagor. (Heyer v. Pruyn, 7 Paige Ch. 465.)
On July 16,1948, when plaintiff conveyed title to the premises to the defendant husband subject to the $10,000 mortgage, pursuant to a judgment in an action which he instituted and whose benefits he accepted, this constituted a recognition of the mortgage debt by both parties which tolled the Statute of Limitations and the husband was not thereafter at liberty to contest the existence or validity of the mortgage. (Bennett v. Bates, 94 N. Y. 354, 370.) However, there being no written acknowledgment by the husband of the indebtedness on the bond, the Statute of Limitations remains a defense to him as to that obligation and the plaintiff may not recover a deficiency judgment against him. The lien of the mortgage is not impaired because the remedy for the recovery of the debt is barred. (Hulbert v. Clark, 128 N. Y. 295.)
The judgment appealed from should be reversed on the law, with costs, judgment of foreclosure and sale granted, and the counterclaim dismissed, with costs. The findings of fact should *394 be affirmed. Conclusions of law inconsistent herewith should be reversed and new conclusions of law and additional findings of fact sufficient to support those conclusions should be made.
Nolan, P. J., Carswell, Adel and Sneed, JJ., concur.
Judgment reversed on the law, with costs, judgment of foreclosure and sale granted and the counterclaim dismissed, with costs. The findings of fact are affirmed. Conclusions of law inconsistent herewith are reversed and new conclusions of law and additional findings of fact sufficient to support such conclusions will be made.
Settle order on notice.